IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GINA HENRICKSON,<br><br>        Plaintiff,<br><br>    vs.<br><br>MARTIN O'MALLEY, Commissioner of Social Security;[1]<br><br>        Defendant. | 8:23CV320<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The plaintiff, Gina Henrickson ("Henrickson"), appeals a final determination of the Commissioner denying her application for disability benefits under Title II of the Social Security Act (42 U.S.C. §§ 401-403). Filing No. 11. The Commissioner seeks an order affirming the decision. Filing No. 18. The Court has jurisdiction under 42 U.S.C. § 405(g) and § 1383(c)(3).

While Henrickson's case was pending before the Court, the Commissioner promulgated revised regulations governing the standard the SSA uses to assess a claimant's past relevant work. *See* 89 Fed. Reg. 27653 (April 18, 2024) (codified as amended at 20 C.F.R. § 404.1560). Specifically, the updated regulation shortened the lookback period for past relevant work from fifteen years to five years. *Id.* The new regulation directly impacts the Administrative Law Judge's ("ALJ's") analysis, which relied on several jobs that now fall outside of the five-year lookback period. In their supplemental briefing, the parties disagree on the scope of relief, but both are amendable

---

[1] Martin O'Malley was appointed Commissioner of Social Security on December 20, 2023, and has been substituted in the caption for Kilolo Kijakazi, the former Acting Commissioner of Social Security.

1

to a remand to the agency for application of the new standard. Therefore, the Court remands the case to the Social Security Agency ("SSA") to apply the revised regulations in the first instance.

## BACKGROUND

This case arises from a denial of disability benefits under Title II of the Social Security Act (42 U.S.C. §§ 401-403) and supplemental disability benefits under Title IX of the Social Security Act (42 U.S.C. §§ 1101–1110). Henrickson applied for disability benefits on April 30, 2020. Filing No. 7-2 at 18. Henrickson asserted several medical conditions, including back pain and depression, that prevented her from engaging in full-time, gainful employment. Filing No. 7-3 at 2. The state agency denied Henrickson's initial application and request for reconsideration. Filing No. 7-3 at 12–19 (initial determination); Id. at 22–51 (reconsideration). Henrickson invoked her right to a hearing before an ALJ. Filing No. 7-4 at 50.

To qualify for disability benefits, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine if a claimant is disabled, the ALJ follows a five-step process promulged by the Commissioner. See 20 C.F.R. § 404.1520. Specifically, the ALJ considers:

> (1) whether the claimant is gainfully employed, (2) whether the claimant has a severe impairment, (3) whether the impairment meets the criteria of any Social Security Income listings, (4) whether the impairment prevents the claimant from performing past relevant work, and (5) whether the impairment necessarily prevents the claimant from doing any other work.

*Grindley v. Kijakazi*, 9 F.4th 622, 628 (8th Cir. 2021) (quoting *Goff v. Barnhart*, 421 F.3d 785, 790 (8th Cir. 2005)). Relevant to this order,[2] step four requires the ALJ to assess the claimant's past relevant work to determine whether the claimant can perform a job the claimant has done in the past. 20 C.F.R. § 404.1560(b) (2024). When Henrickson's case was in front of the ALJ, the applicable regulations defined past relevant work as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1) (2022) ("the 2022 Rule"). If a claimant can perform past relevant work at the claimant's residual functional capacity, the claimant is not disabled. *See* 20 C.F.R. § 404.1520(a)(4)(iv). On the other hand, if a claimant *cannot* perform past relevant work, the ALJ moves onto step five and assesses whether the claimant can adjust to other work that exists in significant numbers in the national economy. *Id.* at § 404.1520(a)(4)(v).

Applying the fifteen-year lookback period, the ALJ determined Henrickson was not disabled based on her past relevant work. Filing No. 7-2 at 31–32. Specifically, the ALJ determined Henrickson was "capable of performing past relevant work as a business manager, informal waitress, and survey worker." *Id.* Henrickson worked as a business manager from 1992 to 2009, an informal waitress from 2014 to 2016, and a survey worker in 2020. *Id.*

The ALJ denied benefits on July 14, 2022. Filing 7-2 at 15. Henrickson requested review, and the Appeals Council denied her request on May 22, 2023. *Id.* at 2. After the

---

[2] Henrickson challenges other aspects of the ALJ's decision making. However, because the change to the regulations regarding step four requires remand, the Court does not address and expresses no view on the merits of Henrickson's other challenges.

3

Appeals Council denied her request, Henrickson sought review in federal court. See 42 U.S.C. § 405(g); Filing No. 1 at 1.

While this case was pending before this Court, the Commissioner promulgated updated regulations related to past relevant work. See 89 Fed. Reg. 27653 (April 18, 2024) (codified as amended at 20 C.F.R. § 404.1560 (2024)) ("the 2024 Rule"). Under the 2024 Rule, "[p]ast relevant work is work that you have done within the past *five* years that was substantial gainful activity and that lasted long enough for you to learn to do it." *Id.* (emphasis added). The Court ordered supplemental briefing. Filing No. 22 (text order). Henrickson argues the Court should "apply the [2024 Rule] to Plaintiff's case or at least remand her case." Filing No. 23 at 2. The Commissioner disagrees that the 2024 Rule applies on judicial review but is "amenable to remand for further proceedings . . . [to] apply current agency rules, including those regarding past relevant work." Filing No. 26 at 1–2.

## DISCUSSION

### A. Standard of Review

Under 42 U.S.C. § 405(g), a reviewing court in a social security case may enter "a judgment affirming, modifying, or reversing the decision [of the Commissioner], with or without remanding the case for rehearing." This procedure, known as a sentence four remand, is appropriate when additional proceedings before the agency are needed. See *Sullivan v. Finkelstein*, 496 U.S. 617, 625-26 (1990). "Generally, if the agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007).

4

### B. Remand to the Agency is Warranted.

Here, remand to the agency is warranted. The 2024 Rule affects the ALJ's step four analysis, the parties agree remand is warranted, and the SSA should have the opportunity to apply the 2024 Rule and supplement the evidentiary record as necessary.

#### 1. Remand is appropriate because the 2024 Rule affects Henrickson's case.

Remand is appropriate because the 2024 Rule affects Henrickson's case. A newly promulgated rule affects a case if it potentially impacts an issue reached by the ALJ. *Sloan*, 499 F.3d at 889. For example, in *Sloan* the Eighth Circuit ordered remand when a new agency policy affected the weight given to witnesses who testified at the hearing. *Id.* By contrast, in *Van Vickle v. Astrue* the Eighth Circuit declined to remand when the new policy did not impact any of the issues considered by the ALJ. 539 F.3d 825, 829 n.3 (8th Cir. 2008). Here, prior relevant work was a contested and dispositive issue before the ALJ. The ALJ determined Henrickson was not disabled at step four, relying on Henrickson's current ability to perform past relevant work extending back fifteen years. Filing No. 7-2 at 32. However, two of the positions identified by the ALJ applying the 2022 Rule no longer count as past relevant work under the 2024 Rule. Specifically, Henrickson worked as a business manager thirteen years before the ALJ decision and an informal waitress six years before the ALJ decision. *Id.* at 31–32. Therefore, under the 2024 Rule, two of the three jobs relied on by the ALJ cannot support the ALJ's decision at step four. Compounding the potential importance of the 2024 Rule, the Commissioner relied exclusively on a position (business manager) that would be excluded under the 2024 Rule to defend the ALJ's step four analysis. *See* Filing No. 19 at 5–6 ("Even assuming that the jobs of informal waitress and survey worker were performed differently or not at the SGA

5

level, the job of business manager remains."). Therefore, the 2024 Rule directly impacts the analysis of an issue reached by the ALJ.

### 2. Remand not *de novo* application of the 2024 Rule is the proper remedy.

Henrickson argues the Court should apply the 2024 Rule in the first instance rather than remanding. Filing No. 23 at 14. The Court concludes remand is the proper remedy for three reasons.

First of all, remand, not application of the new standard, is the usual remedy when the SSA makes a policy change while a claimant's case is on review. *See e.g. Sloan*, 499 F.3d at 889; *Jockish v. Colvin*, No. 5:15-CV-05011, 2016 WL 1181680 at *7 (D.S.D. Mar. 25, 2016); *Wellenstein v. Colvin*, No. C 14-4043, 2015 WL 5734438 at *11 (N.D. Iowa Sept. 30, 2015). Courts have departed from this general rule only after making an equitable determination that SSA waived the right to remand to apply the new standard. *See Ingram v. Barnhart*, 303 F.3d 890, 894 (8th Cir. 2002). For example, in *Ingram*, the Court declined to remand when the case had been pending for nearly a decade, was previously remanded based on agency error, and the new policy was unfavorable to the claimant. *Id.* Here, the equitable considerations that drove the outcome in *Ingram* are not present. Henrickson's case has been pending since 2020, has not been previously remanded to correct agency error, and the SSA will apply a claimant-friendly rule on remand. *See* Filing No. 7-3 at 2 (date); Filing No. 1 at 2 (procedural history); Filing No. 23 at 6 (Plaintiff's supplemental brief stating "this new regulation on PRW is a boon for claimants"). Therefore, the general practice of remand to the agency should apply.[3]

---

[3] Indeed, the general practice conforms to agency expectations. The SSA indicated that it "expect[ed] that Federal courts will review our decisions using the rules that were in effect at the time we issued the decisions" but "[i]f a court reverses our final decision and remands a case for further administrative

6

Second, if the Court were to apply the 2024 Rule and determine the ALJ's step four findings were not supported by substantial evidence, remand would be necessary for further factual development. The agency, not the federal courts, is the fact finder in Social Security cases. 42 U.S.C. 405(g). Even if the Court found the ALJ's step four determination was not supported by substantial evidence, at step five the Commissioner would have the chance to produce evidence that Henrickson can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520(a)(4)(v). The ALJ did not make any factual findings at step five because his conclusion at step four ended the analysis. *See* Filing No. 7-2 at 32. Therefore, remand is appropriate to create a factual record regarding the availability of other work. Moreover, remand will give the parties the flexibility to address any other factual issues that arise when applying the 2024 Rule. *See* Filing No. 26 at 3-4 (discussing factual issues that may arise on remand).

Third, remand avoids leapfrogging the agency to apply a standard that was not available to the ALJ at the time of the initial determination. Remand to the agency allows the agency to bring its "expertise to bear upon the matter[,] . . . evaluate the evidence[,] . . . make an initial determination[,] and . . . through informed discussion and analysis, help a court later determine whether its decision exceeds the leeway that the law provides." *INS v. Ventura*, 537 U.S. 12, 17 (2002). Here, allowing the agency to apply the 2024 Rule in the first instance will allow the agency the opportunity to correct any errors in the prior

---

proceedings after the applicable date of this SSR, we will apply this SSR to the entire period at issue in the decision we make after the court's remand." 89 Fed. Reg. 48,479, 48,479 n.1; *see also* Filing No. 26 at 2 ("[O]n remand, the agency would apply current agency rules, including those regarding past relevant work."). Therefore, remand allows for application of the 2024 Rule without addressing the unsettled retroactivity questions raised in Henrickson's supplemental briefing. Filing No. 23 at 3-6.

ALJ decision, analyze the impact of the 2024 Rule, and streamline any future judicial review.

## CONCLUSION

THEREFORE, IT IS ORDERED THAT:

1. The Commissioner's Motion for an Order Affirming the Commissioner's Decision, Filing No. 18, is denied without prejudice.

2. Henrickson's Motion for an Order Reversing the Commissioner's Decision is granted in part as stated herein, Filing No. 11. The case is remanded to the Commissioner for further proceedings consistent with this Memorandum and Order.

3. A judgment in accordance with this Memorandum Opinion will be entered.

Dated this 12th day of September, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge