IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GINA HENRICKSON,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN COLVIN, Acting Commissioner of Social Security;<br><br>    Defendant. | 8:23CV320<br><br>MEMORANDUM AND ORDER |

Before the Court is Gina Henrickson's Motion for Attorney's Fees under 28 U.S.C. § 2412(d). Filing No. 29. The Acting Commissioner of Social Security ("the Commissioner") agrees fees and costs should be awarded and does not object to the amount of fees requested. Filing No. 30. The Court awards $6,320.30 in attorney fees and $402.00 in costs as reimbursement from the filing fee.

This is a Social Security case, in which the Court remanded to the agency for application of the agency's new rule on past relevant work. Filing No. 27.

Henrickson is entitled to fees. 28 U.S.C. § 2412(d) provides for attorney's fees for a prevailing Social Security claimant. Henrickson is entitled to fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by the party in [the] civil action' in which it prevailed." *U.S. S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). Moreover, for Henrickson to recover attorney's fees the Commissioner's position must lack substantial justification. 28 U.S.C. § 2412(d)(2)(A). The Commissioner has the burden of showing substantial justification. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). Here, Henrickson's case was

remanded to the agency, her net worth is below $2,000,000, and she is seeking fees and costs incurred in connection with judicial review of the Commissioner's benefits decision. *See* Filing No. 27 (remand order); Filing No. 29-4 (net worth); Filing No. 29-2 (itemization of fees). The Commissioner neither objects to the fee award nor makes an argument regarding substantial justification. Filing No. 30. Therefore, Henrickson is entitled to fees.

Henrickson is entitled to attorney's fees in the amount of $6,320.30. Any fee awarded must be "reasonable," which Congress has set at "$125 per hour unless the court determines that an increase in cost of living or a special factor, such as limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Henrickson seeks to following fees:

| Timekeeper and Year | Time Billed (Rate) | Total |
| --- | --- | --- |
| Wes Kappelman (2023) | 12.3 hours (billed at $244.63 per hour) | $3,008.95 |
| Wes Kappelman (2024) | 11.4 hours (billed at $251.54 per hour) | $2,867.56 |
| Kimberly Schram (2023) | 1.3 hours (billed at $244.63 per hour) | $318.02 |
| Kimberly Schram (2024) | 0.5 hours (billed at $ 251.54 per hour) | $125.77 |
| Total | 25.5 hours | $6,320.30 |

Counsels' hourly rate was calculated by adjusting the $125 per hour rate in 28 U.S.C. § 2412(d)(2)(A) for inflation. Filing No. 29-1 ¶ 7. The Court is permitted to award fees based on a higher fee than $125 per hour based on an increase in cost of living. *Johnson v. Sullivan*, 919 F.2d 503, 508–10 (8th Cir. 1990). Moreover, Henrickson's counsel are excellent Social Security attorneys with years of experience who do quality work for their indigent clients and obtain good results. Therefore, given the adjustment for cost of living and experience of counsel, counsel's proposed hourly rate is reasonable. The Court has

carefully reviewed the hours submitted and finds them reasonable in all aspects. Therefore, a fee award of $6,320.30 is reasonable and appropriate.

Finally, the parties agree Henrickson is entitled to reimbursement of the $402.00 filing fee, payable from the Judgment Fund administered by the United States Treasury. Filing No. 29; Filing No. 30.

IT IS ORDERED:

1. Henrickson's Motion for Attorney's Fees, Filing No. 29, is granted in the amount of $6,320.30 in attorney fees and $402.00 as reimbursement from the filing fee.

2. Pursuant to the Equal Access to Justice Act, attorney's fees in the amount of $6,320.30 shall be delivered to the law offices of Wes Kappelman, KAPPELMAN LAW FIRM. Such funds shall be paid by the Social Security Administration.

3. Costs in the amount of $402.00 are to be paid directly to the Plaintiff less any offset to satisfy a pre-existing debt to the United States. Costs are payable from the United States Treasury Judgment Fund and shall be delivered to the law offices of Wes Kappelman, KAPPELMAN LAW FIRM.

4. A separate judgment shall be entered in conjunction with the Memorandum and Order.

Dated this 30th day of December, 2024.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge